IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-117-PLR-HBG |
| | ) | |
| ROGER DALE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 12, 2017, for a motion hearing on the Defendant's Second Motion to Continue Trial and to Establish New Deadlines [Doc. 45], filed on December 1, 2017. Assistant United States Attorneys Matthew T. Morris and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Norman D. McKellar represented the Defendant. The Court excused the Defendant from attending the hearing.

The Defendant asks the Court to continue the February 27 trial date and all other deadlines in order to give counsel time to complete his review of discovery and to prepare for trial in light of the Superseding Indictment, filed on November 7, 2017. He states that the Superseding Indictment expanded the charges to include eleven new counts and six new alleged victims. The motion contends that the Defendant is waiving his speedy trial rights in relation to the motion.

The Government responded [Doc. 47] in opposition to the motion, arguing that the Defendant has been aware of the allegations in the Superseding Indictment for years and that he will have sufficient time to prepare his defense by the current trial date. It states that it brought a

Superseding Indictment due to the death of the victim who received the "lulling payment" in the money laundering alleged in Count Two of the Indictment.  The Government contends that in the Superseding Indictment, it deleted the original Count Two and added new money laundering counts in Counts Two through Thirteen, which allege six victims, two of which are a married couple.  It relates that it provided 15,570 pages of discovery to the Defendant in May 2017 and an additional 645 pages of discovery in early December 2017.  The Government states that all of the discovery is in a digital format that is text-searchable.

At the December 12 hearing, Mr. McKellar stated that he received 645 pages of additional discovery on December 11.  He argued that although the alleged victims in this case are elderly, the Defendant is still entitled to time to review discovery and to prepare for trial.  He also asked the Court to set a new motion deadline that is not limited to the new counts in the Superseding Indictment or to the new discovery.  He maintained that such a limitation would invite litigation over whether he could have brought a motion by the earlier deadline.

AUSA Morris agreed that the Government had recently provided additional discovery to the Defendant.  However, he said that this material was provided to the Defendant out of an abundance of caution and not because its provision was mandated by Rule 16 of the Federal Rules of Criminal Procedure or by this Court's Order on Discovery and Scheduling [Doc. 25].  AUSA Morris said the new discovery is in a searchable format and that he provided it to the Defendant along with a detailed transmittal letter.  He argued that the Defendant will have had in excess of seventy days since the filing of the Superseding Indictment to prepare for trial.  He agreed that the Superseding Indictment was filed after the Defendant's motion deadline had expired.

The Court finds the Defendant's motion to continue the February 27 trial date and other deadlines is well-taken and should be granted.  The Court also finds that the ends of justice served

by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). On November 7, 2017, the Defendant was charged in a Superseding Indictment [Doc. 41] with one count of mail fraud, eleven counts of money laundering, and one count of obstructing the administration of the federal tax laws. The Superseding Indictment alleges financial schemes occurring over the course of thirteen years. Initial discovery in this case was voluminous, spanning over 15,000 pages. Defense counsel received an additional 645 pages of discovery on December 11, 2017. Although the Government argues that the Defendant has been aware of the new charges since early in this case, District Judge Reeves recently denied the Defendant's motion to dismiss the original Indictment as moot [Doc. 46] because of the changes to the charges in the Superseding Indictment. Thus, the Court finds that the District Judge deems the Superseding Indictment to warrant additional time to file and litigate pretrial motions.

The Court finds that Mr. McKellar needs additional time to complete his review of discovery, to confer with the Defendant, to prepare and file any pretrial motions, and to prepare this case for trial. Following the filing of pretrial motions, the Government will need time to respond, and the Court will need time to hear and rule on any motions. Defense counsel will also need time to locate and interview witnesses and to prepare for trial. The Court finds that all of this cannot take place before the February 27 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's Second Motion to Continue Trial and to Establish New Deadlines [**Doc. 45**] is **GRANTED**, over the Government's objection. The trial of this matter is reset to **May 22, 2018**. The Court also finds that all the time between the filing of the Defendant's motion on **December 1, 2017**, and the new trial date of **February 27, 2018**, is fully excludable time under

the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The new deadline for filing pretrial motions is **January 30, 2018.** The filing of additional pretrial motions is not restricted to certain counts or discovery. The Government shall respond to any pretrial motions on or before **February 13, 2018.** If any motions requiring a hearing are filed, Chambers will contact the parties to schedule a motion hearing. The parties are to appear before the undersigned for a final pretrial conference on **May 7, 2018, at 1:30 p.m.**[1] This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **May 7, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **May 11, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

> (1) The Defendant's Second Motion to Continue Trial and to Establish New Deadlines [**Doc. 45**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **May 22, 2018**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;
>
> (3) All time between the filing of the Defendant's motion on **December 1, 2017**, and the new trial date of **May 22, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The deadline for filing pretrial motions is **January 30, 2018**;
>
> (5) Responses to motions are due on or before **February 13, 2018**;
>
> (6) The parties are to appear before the undersigned for a final pretrial conference on **May 7, 2018, at 1:30 p.m.**;
>
> (7) The new deadline for concluding plea negotiations and providing reciprocal discovery is **May 7, 2018**;

---

[1] The final pretrial conference previously scheduled for February 13, 2018, at 11:00 a.m., is cancelled.

(8) Motions *in limine* must be filed no later than **May 7, 2018**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **May 11, 2018**.

**IT IS SO ORDERED.**

ENTER:

_____
H. Bruce Guyton
United States Magistrate Judge